**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jacqueline Ann Fletcher, | No. CV-17-1030-PHX-DMF |
| Plaintiff, | |
| v. | **ORDER** |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff Jacqueline Ann Fletcher appeals from the denial of her application for benefits from the Social Security Administration. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g) and, with the parties' consent to Magistrate Judge jurisdiction, pursuant to 28 U.S.C. § 636(c). As detailed below, the Court concludes that the ALJ's opinion contains non-harmless legal error and remands for further proceedings.

### Background

Fletcher was 50 years old on the alleged onset date. She has an 11th grade education and no past relevant work. (Tr. 15, 36-37, 50, 172)

At the initial level, Defendant denied Fletcher's disability insurance claim because there was "insufficient evidence to determine the severity of [her] conditions." (Tr. 68) It appears that there was insufficient evidence at the initial review because Fletcher had not returned some forms but that she subsequently returned her Activities of Daily Living form before the reconsideration review. (Tr. 67, 68, 76) It further appears that Fletcher

did not attend a consultative examination on the advice of her representative. (Tr. 76, 79) On reconsideration, Defendant again concluded that "the information we received was insufficient to make a medical determination. After reviewing all the available medical and other information we find that there is insufficient evidence to determine the severity of your conditions, therefore your claim is denied." (Tr. 80)

At the subsequent administrative hearing before Administrative Law Judge ("ALJ") Randolph Schumm, Fletcher and Vocational Expert ("VE") Kathryn Atha both testified. (Tr. 36) Fletcher testified about her pain, the swelling in her leg, and her blood clots. (Tr. 40-46) The ALJ asked VE Atha the following:

> In this case we've got one hypothetical. We have a hypothetical claimant age 50 as of the protective filing date with 11 years of education, no past relevant work at SGA. *It's been opined* that this hypothetical claimant can lift and carry 20 pounds occasionally, 10 pounds frequently, requires a sit, stand option where this hypothetical claimant will sit, stand, or walk for a total of eight hours in an eight hour workday but is allowed to change positions every 30 minutes. In addition, this hypothetical claimant can occasionally climb stairs and ramps, never ropes, ladders, and scaffolds, occasionally stoop, kneel, and crouch, and never crawl, reading overhead is limited to occasionally bilaterally and this hypothetical claimant should avoid concentrated exposure to extreme cold and unprotected heights. Given those restrictions and those alone, would there be examples of other work that this hypothetical claimant could perform?"

(Tr. 50-51) (emphasis added) VE Atha responded that this hypothetical claimant "could work in an unskilled light job that allows for sitting and standing" such as cashier II and production assembler. (Tr. 51)

After the hearing, the ALJ issued an opinion that followed the requisite five step process. (Tr. 13-27) The ALJ found that Fletcher had not engaged in any substantial gainful activity since her alleged onset date. (Tr. 15) Next, the ALJ found that Fletcher had the following severe impairments: residuals of leg fractures, history of deep vein thrombosis and venous insufficiency bilaterally; degenerative changes of the lumbar and cervical spine; scoliosis of the thoracic spine; and obesity. (Tr. 15) However, these impairments did not meet or medically equal the severity of any listed impairments. (Tr. 18) The ALJ found that Fletcher had the residual functional capacity ("RFC") to perform

light work subject to the identical limitations detailed in his hypothetical question to VE Atha. (Tr. 19) Accordingly, the ALJ found that Fletcher was capable of performing jobs that exist in significant numbers in the national economy and, therefore, did not meet the Social Security Act's definition of disability. (Tr. 27, 28)

**Standard of Review**

This court must affirm the ALJ's findings if they are supported by substantial evidence and are free from reversible error. *Marcia v. Sullivan*, 900 F.2d 172, 174 (9th Cir. 1990). Substantial evidence is more than a mere scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In determining whether substantial evidence supports the ALJ's decision, the court considers the record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusions. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). If there is sufficient evidence to support the ALJ's determination, the Court cannot substitute its own determination. *See Young v. Sullivan*, 911 F.2d 180, 184 (9th Cir. 1990). Thus, the Court must affirm the ALJ's decision where the evidence considered in its entirety substantially supports it and the decision is free from reversible error. 42 U.S.C. § 405(g); *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989).

**Analysis**

One of Fletcher's arguments is that the ALJ did not explain the origin of the RFC limitations at the hearing or in the decision. (Doc. 19 at 22-23) The Court agrees.

"[A]n ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions identified in the medical testimony." *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (citing one case where ALJ incorporated verbatim limitations identified by state psychologist and one case where ALJ adopted concrete restrictions identified by examining psychiatrist).

At the hearing, the ALJ stated, "It's been opined" before detailing a hypothetical which mirrored the decision's ultimate RFC. (Tr. 19, 50) But this was inaccurate: there was no such opinion in the record. The agency examiners found that the record was inconclusive, Fletcher refused to attend the consultative examination, and the ALJ did not retain a medical expert for the hearing.

Defendant argues that this RFC is generally supported by ALJ's opinion which detailed Fletcher's testimony, reviewed the medical evidence, assessed Fletcher's activity level, and weighed various options.[1] (Doc. 20 at 12-13) Although the ALJ's summary of the medical record was lengthy, it did not support any of the RFC's specific limitations. This is understandable because none of Fletcher's medical records detail any of the RFC's limitations. In other words, there is no evidence in the record to explain why the RFC concluded that Fletcher could, for example, carry 20 pounds occasionally and 10 pounds frequently instead of concluding that she could carry 10 pounds occasionally and 5 pounds frequently. Because the RFC's limitations are untethered to any medical record or opinion by a medical expert, these limitations constitute non-harmless legal error.

**Conclusion**

Because the Court concludes that the ALJ's opinion cannot stand, Fletcher's other arguments will not be addressed. Although Fletcher seeks a remand for benefits, the Court concludes that the best course is to remand for further proceedings. *Vasquez v. Astrue,* 572 F.3d 586, 596 (9th Cir. 2009).

. . .

. . .

. . .

---

[1] Defendant's response brief repeatedly cited to portions of the record that were not included in the ALJ's opinion. Defendant is reminded that this Court is "constrained to review the reasons the ALJ asserts and cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." *Zavalin v. Colvin*, 778 F.3d 842, 848 (9th Cir. 2015) (quoting *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006)).

- 4 -

**IT IS THEREFORE ORDERED** that the final decision of the Commissioner is vacated and this matter is remanded to the Commissioner for further proceedings consistent with this Order. The Clerk of the Court shall enter judgment accordingly.

Dated this 7th day of August, 2018.

_____
Honorable Deborah M. Fine
United States Magistrate Judge